Walter McDougal, Appellant, *v.* John Malaghan, Respondent, Impleaded with Another.

Liquor Tax Law — When Rear Door of a City Dwelling Is Not an "Entrance" Within Meaning of Section 17, Subd. 8. A rear door of a city dwelling, leading to the back yard thereof and inaccessible to anybody desiring to pass from the street, or other point outside of the dwelling into the latter, is not an " entrance" within the meaning of the statute (Liquor Tax Law [L. 1896. ch. 112], § 17, subd. 8) requiring the consent of at least two-thirds of the owners of dwelling houses within 200 feet of a proposed saloon, such distance to be "measured in a straight line of the nearest entrance to a building or buildings occupied exclusively for a dwelling."

*McDougal* v. *Malaghan,* 108 App. Div. 355, affirmed.

(Submitted February 28, 1906; decided March 13, 1906.)

Appeal from an order of the Appellate Division of the Supreme Court in the second judicial department, entered October 23, 1905, which affirmed an order of Special Term denying an application for the revocation of a liquor tax license.

The facts, so far as material, are stated in the opinion.

*Alfred H. Holbrook.* for appellant. Any entrance to a building occupied exclusively as a dwelling, if within 200 feet of the saloon entrance, must be included in the application whether it is a back, side or front entrance, or whether it leads to the street or yard or whether it is separated from the

saloon by a fence or wall. (L. 1896, ch. 112, § 17.) This construction is not only the ordinary interpretation of the language used, but it effectuates the general purpose and intent of the Liquor Tax Law. (*People ex rel. Einsfeld* v. *Murray*, 149 N. Y. 378.) This saloon in the rear of these dwellings is as obnoxious to the inhabitants and as detrimental to the value of the dwellings as if it were in front. (*Matter of Veeder*, 31 Misc. Rep. 569, 570 ; *Matter of Saunderson*, 34 Misc. Rep. 375.) The measurement of 200 feet is to be taken on a straight line disregarding all obstructions. (*Matter of Bridge*, 36 App. Div. 533 ; *Matter of Ruland*, 21 Misc. Rep. 504.)

*William E. Schenck* and *Herbert H. Kellogg* for state commissioner of excise. The purpose of the legislature was to provide against proximity of the saloon to the church, schoolhouse and dwelling, instead of accessibility from one to the other, and, therefore, the back doors of the houses in question were entrances within the meaning of the statute. (*Matter of Holden* v. *McCusker*, 23 Misc. Rep. 446 ; *Matter of Lewis* v. *Pilchen*, 26 Misc. Rep. 532; *Matter of Ruland*, 21 Misc. Rep. 504; *Matter of McMonagle* v. *Wainwright*, 41 Misc. Rep. 408; *Matter of Bridge* v. *Mohrman*, 36 App. Div. 533 ; *People ex rel. Macy* v. *Murray*, 5 App. Div. 66 ; *Matter of Macy*, 5 App. Div. 70 ; *People ex rel. Gentilesco* v. *Excise Board*, 7 Misc. Rep. 415 ; *People ex rel. Cairns* v. *Murray*, 148 N. Y. 171; 13 Misc. Rep. 522 ; *People ex rel. Clausen* v. *Murray*, 16 Misc. Rep. 398.)

*Hugo Hirsh* for respondent. The rear exits from the dwellings into the yards are not entrances within the contemplation of the Liquor Tax Law (L. 1896, ch. 112, § 17).

*Per Curiam.* This proceeding was commenced by a taxpayer of the borough of Brooklyn to revoke a liquor tax certificate issued to John Malaghan on the first of July, 1905, upon the ground that it was illegal because he did not file

with his application the consents of the requisite number of owners of dwelling houses within 200 feet of his saloon.

The statute provides that "when the nearest entrance to the premises described in said statement as those in which traffic in liquor is to be carried on is within two hundred feet, measured in a straight line, of the nearest entrance to a building or buildings occupied exclusively for a dwelling, there shall also be so filed simultaneously with said statement a consent in writing that such traffic in liquors be so carried on in said premises during a term therein stated, executed by the owner or owners, or by the duly authorized agent or agents of such owner or owners of at least two-thirds of the total number of such buildings within two hundred feet so occupied as dwellings," etc.  (Liquor Tax Law, § 17, subd. 8.)

The saloon in question is located on the southwesterly corner of a block bounded on the north by a street the name of which is not given; on the east by Prospect place; on the south by Franklin avenue, and on the west by Park place. Certain buildings in said block fronting on Park place, known as Nos. 629, 631, 633 and 635, are respectively occupied exclusively as dwellings.  The rear door of each of these buildings is less than 200 feet, measured in a straight line, from the nearest entrance to said saloon, while the front entrance of each thereof is not within 200 feet thereof.  In the statement of facts agreed upon for the purpose of the trial it was stipulated that "the so called rear entrances of the buildings on Park Place" above named "are doors leading from the first floor of said buildings to the back yards of said houses and are open and used by the inhabitants of said dwellings." The yards in question are entirely surrounded by a fence and there is no access to the street therefrom, but there is no fence separating the yards from each other.

The sole question presented for decision is whether the rear door leading to the back yard of each of said dwellings is an entrance within the meaning of the statute requiring the consent of at least two-thirds of the owners of dwelling houses within 200 feet of the proposed saloon.

We do not think that it is such an entrance. In support of the contention that it is such an entrance it is urged that the legislature had in view the proximity of the proposed saloon to the dwellings and that because children, for instance, might pass through one of these rear doorways into the yard and thus come within two hundred feet of the saloon and of any influences and sights incidental thereto we should hold that such doorway is an entrance within the meaning of the statute. Whatever view the legislature had of restricting the existence of saloons within a certain distance of a dwelling house it adopted, as the test of proximity, the entrance. It did not forbid the establishment of a saloon because it might be within a certain prescribed distance of the yard or windows from which children or other people might watch its operation. The test established was the distance from an entrance.

Accepting such test, we do not think that one of the doorways in question fairly comes within the spirit of the statute as being an entrance to the dwelling house. We think that the statute contemplated a doorway or passageway which might be used by any person outside the dwelling desiring to enter the same. It is, of course, not necessary that this entrance should be upon the front of the dwelling. It may be upon the side or the rear, but still it should be a means of ingress accessible to anybody desiring to pass from the street or other point outside of the dwelling into the latter. We do not think that the statute by this general term of entrance contemplated a passageway which could only be used as a means of ingress by some person who already having entered the house in some other way, then passed out of it through the passageway in question, and then for the first time by turning around was able to enter the dwelling house thereby and make it a means of entrance. This was the character of the doorway under review. It could not be used by anybody approaching from the street or by anybody from even an adjoining dwelling house, except by passing over the rear of lots, where it does not appear any passageway was provided. It was evidently intended for the convenience of the inmates

of the house who might desire first to go out of the house into the yard and then to return.

We think the order appealed from should be affirmed, with costs.

CULLEN, Ch. J., O'BRIEN, HAIGHT, VANN, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur.

Order affirmed.