## In Re White et al.

[No. 14,341. Filed May 6, 1932. Rehearing denied July 27, 1932. Transfer denied January 31, 1933.]

*Funkhouser & Funkhouser* and *Ben J. Biederwolf,* for appellants.

*Frank H. Hatfield* and *Louis L. Roberts,* for appellees.

CURTIS, J.—This action originated by an appeal to the Board of Zoning Appeals of the city of Evansville, In-

diana, from the ruling of the Commissioner of Buildings in granting a building permit for the erection of a gasoline filling station at the corner of Franklin Street and Mt. Vernon Avenue in said city. The petition for an appeal to the Board of Zoning Appeals alleged: "Said trustees for grounds of the appeal herein say that the issuance of said building permit is in violation of Subsection 20, Section 5, of Ordinance No. 1269 of the City of Evansville, known and designated as the Evansville Zoning Ordinance, as amended by Ordinance No. 1465, passed by the Common Council of said city on the 20th day of October, 1930, and approved by the Mayor of said city on the 24th day of October, 1930, in that the building permit so issued by said Commissioner of Buildings authorizes the construction and erection of a gasoline filling station within less than one hundred and fifty (150) feet from the then existing driveway and footway entrance of the said Sacred Heart Roman Catholic Church in said city of Evansville."

The Board of Zoning Appeals, after a hearing, approved the action of the Commissioner of Buildings in issuing a permit. At the same time the said board adopted the following resolution: "Whereas, according to their interpretation of Subsection 20 of Section 5 of the zone ordinance, as amended October 20, 1930, the Board of Zoning Appeals deems that the cement walk approximately 38 feet wide leading directly to the front entrance of Sacred Heart Church is the only definitely established footway entrance to the church and to the church grounds from Franklin Street; and,

"Whereas, in the opinion of the board, the driveway located between the church and the parsonage of said Sacred Heart Church constitutes a garage entrance to the parsonage grounds, but not a driveway entrance nor a definitely established footway entrance to the church grounds; and,

"Whereas, the distance from the nearest driveway entrance of the proposed filling station, the construction of which is contested by the appellants, to the existing footway entrance to the church is 162 feet, or 12 feet more than the minimum distance required by the above-mentioned section of the zone ordinance;

"Resolved, that the Board of Zoning Appeals does hereby deny the appeal, and that the building permit appealed from is hereby sustained."

From this action of the Board of Zoning Appeals the petitioners filed a petition in the Superior Court of Vanderburgh County for a hearing in that court, and the Board of Zoning Appeals of said city was duly notified. A writ of certiorari was issued in the trial court and the Board of Zoning Appeals filed its return to said writ. The appellants, Albert W. Schoettlin for Mid-Continent Petroleum Corporation and as agent for Fredericka Schoettlin, entered an appearance. The matter was submitted to the court for trial and decision upon the return of the Board of Zoning Appeals to said writ. With the return, and as a part thereof, were attached 8 exhibits, numbered 1 to 8, respectively, and 3 additional exhibits or photographs, numbered A, B, C. No oral evidence was heard by the court.

The petition filed in said superior court alleges that the decision of the Board of Zoning Appeals is wholly illegal upon each of the following grounds: "1. That there is now and was in full force and effect on said 12th day of November, 1930, an ordinance of the City of Evansville known and designated as the Evansville Zoning Ordinance. Paragraph 20 of Section 5 of said ordinance, as amended, prohibits the location, erection or construction of 'gasoline or oil filling stations unless every entrance or exit to the property for motor vehicles is located at least 150 feet from any then existing building, entrance or driveway or footway entrance

of any of the following buildings or grounds, such distance to be measured by the shortest route along or across the streets, alleys or other public thoroughfares between the points in question; public or private school or playground, public library, church, hospital, children's or old people's home or any other similar public or semi-public institution.'

"That said building permit was issued to said A. W. Schoettlin for said Mid-Continent Petroleum Corporation in violation of the terms and provisions of said paragraph 20, Section 5, of said ordinance.

"2. That said permit authorizes the location and construction of a gasoline filling station, the entrance or exit to which for motor vehicles is located less than 150 feet from a then existing footway and driveway entrance of the said Sacred Heart Roman Catholic Church in said city.

"3. That said permit authorizes the location and construction of a gasoline filling station, the entrance or exit to which for motor vehicles is located less than 150 feet from the then existing church grounds of said Sacred Heart Roman Catholic Church in said city.

"4. That said permit authorizes the location and construction of a gasoline filling station, the entrance or exit to which for motor vehicles is located less than 150 feet from the then existing entrance to the office and place in which the business affairs of said Sacred Heart Roman Catholic Church are conducted.

"Said petitioners further represent and show to the court that the said A. W. Schoettlin and Mid-Continent Petroleum Corporation, by and through their agents and representatives, are threatening to, and unless stayed by an order of this court will, proceed with the erection of said gasoline filling station in violation of the provisions of said ordinance; that said proposed filling station will constitute a hazard and a menace to the safety

of more than three hundred school children of the City of Evansville, to the petitioners herein, and to all persons attending religious services at said Sacred Heart Roman Catholic Church, and that the construction of said gasoline filling station should be enjoined."

Exhibit 7 filed with the return to the writ is a transcript of the proceedings before the Board of Zoning Appeals, accompanied with the other exhibits heretofore mentioned. Exhibits 3, 4, and 5 consisted of blueprints. Numbers 4 and 5 consisted of blueprints of plans of the neighborhood prepared, respectively, by the board and by W. M. Saunders. The photographs were of the neighborhood.

The court found in favor of the petitioners that the issuance and granting by the Commissioner of Buildings of the building permit in question was in violation of the ordinance; that the Board of Zoning Appeals should have set aside and rescinded said action of the commissioner; that the issuance of said permit should be set aside and that the appellants, Schoettlin and Mid-Continent Petroleum Corporation, should be permanently enjoined from proceeding with the construction or operation of the gasoline filling station and that petitioners recover their costs. The judgment followed the finding. A motion for a new trial was seasonably filed and overruled and this appeal prayed and perfected.

The court was not requested by either party to make a special finding of facts and to state conclusions of law thereon, and, therefore, we must treat the court's finding, although amplified, as simply a general finding for the appellees. *Rhodes et al.* v. *Selvage et al.* (1919), 69 Ind. App. 533, 122 N. E. 352; *Conner* v. *Town of Marion* (1887), 112 Ind. 517, 14 N. E. 488.

The motion for a new trial, omitting formal parts, is as follows: "(1) The finding and decision of the

court is not sustained by sufficient evidence. (2) The finding and decision of the court is contrary to law. (3) The finding and decision of the court that the building permit issued on the 12th day of November, 1930, designated No. 3750, was void, is contrary to law. (4) The finding and decision of the court that the building permit issued on the 12th day of November, 1930, designated No. 3750, was void is not sustained by sufficient evidence."

The error relied upon for reversal is the action of the court in overruling the motion for a new trial.

The hearing in the Superior Court was by virtue of the provisions of an act of the General Assembly, Acts 1929, p. 27, the first section of which is as follows: "The court may decide and determine the sufficiency of the statements of illegality contained in the petition without further pleadings, and may make its determination .and render its judgment with reference to the legality of the decision of the Board of Zoning Appeals on the facts set out in the return to the writ of certiorari; or, if it shall appear to the court that testimony is necessary for the proper disposition of the matter, it may take evidence thereon to supplement the evidence and facts disclosed by the return to the writ of certiorari, but no such review shall be by trial de novo."

There was competent evidence before the trial court to the effect that "one-third to one-half of the people of the church use the east side entrance to the building and walk along the driveway in order to reach this entrance" and "that the choir boys went daily and Sunday along the driveway to reach the rear entrance to the church." The pastor testified that three or four hundred of the twelve hundred attending the church at the three masses each Sunday used the entrance at the east side of the church and that it was used daily also. The evidence also shows that: The

entrance referred to in the above testimony as the east side entrance of the church was reached by a walk along the driveway to the east of the church building upon the grounds of the church; that the said entrance to said walk and driveway was very much less than 150 feet from the northwest corner of the proposed filling station lot and much less than 150 feet from the proposed concrete driveway entrance of the filling station. But the appellants contend that "the ordinance was evidently intended to protect the public in entering buildings and grounds of the character enumerated, and therefore applies only to entrances used by the public." But the evidence shows that said east side entrance was used by the public. The ordinance, by its terms, refers to "any then existing building, entrance or driveway or footway entrance of any of the following buildings or grounds: . . . Public or private school or playground, public library, church, hospital, children's or old people's home or any other similar public or semi-public institution." We believe that an "entrance," as used in the ordinance, may be upon the front, side, or rear of a building or ground, but it must be such as to afford a means of ingress accessible to anybody desiring to pass from the street or other point outside of the building or grounds into the latter by a well defined, then existing route. See *McDougal* v. *Malaghan et al.* (1906), 184 N. Y. 253, 77 N. E. 12. Under this definition the said entrance described in the evidence as being used by about one-third of the congregation is certainly an entrance. The word "any" as used in the ordinance means all or every entrance as the word entrance is above defined and covers the one in question in the instant case as well as the main entrance. See *White* v. *Ferguson* (1902), 29 Ind. App. 144, 64 N. E. 49; *Ludwig* v. *Cory et al.* (1902), 158 Ind. 582, 64 N. E. 14. It clearly appears that the Board of Zoning Ap-

peals placed the wrong construction upon the word entrance as used in the ordinance.

We believe there is ample evidence to sustain the decision of the court and that the decision is not contrary to law. In our opinion the motion for a new trial was correctly overruled. We find no reversible error.

Judgment affirmed.