■ In the Matter of EDWARD TIRDELL et al., Doing Business as YORK WINES & LIQUORS, Appellants, v. STATE LIQUOR AUTHORITY, Respondent.—

On January 4, 1961 respondent granted appellants' application for permission to move their licensed premises to the present location. We are unable to agree with the statement in the determination of the Authority now under review that "the true facts with respect to the doors in question * * * were not before the [Authority]." Not only

were all of the facts before respondent upon the original application but it had before it the express recommendation of the local board for disapproval of the requested transfer on the ground that the new location was "in too close proximity" to the school. Therein it was specifically pointed out that two doors of the school were within the distance prohibited by subdivision 3 of section 105 of the Alcoholic Beverage Control Law. After approval of the transfer, appellants entered into a five-year lease of the premises and expended considerable sums for alterations and improvements thereof. Subsquently, certain neighboring competitors of appellants commenced a proceeding to review the determination of respondent. The latter in its answer requested, among other things, that the matter be remitted to the Authority for further consideration. This was done. Thereafter respondent directed a thorough investigation by its board of investigation. Subsequently the matter was referred to a Deputy Commissioner for an investigative interview. Neither of these actions developed any pertinent facts that were not before the Authority in the first instance or which could not have been originally ascertained by a cursory investigation. Finally respondent remanded the proceeding to a Deputy Commissioner "to determine whether fraud was practiced upon the Authority." The official ignored this direction and found that "the true facts * * * were not before the [Authority]." Upon this record respondent recalled its determination made nine months before and disapproved the application. This action was based solely on a finding of fact that the premises were within the distance prohibited by subdivision 3 of section 105 of the law. As heretofore stated, that fact had been at all times before the Authority and was one of the grounds stated by the local board for its recommendation of disapproval of the application. "Security of person and property requires that determinations in the field of administrative law should be given as much finality as is reasonably possible." (*Matter of Evans* v. *Monaghan,* 306 N. Y. 312, 323.) After lengthy proceedings and a futile attempt to establish that fraud had been practiced on the Authority the latter blandly reversed its original determination upon the unsupported and erroneous finding that when such determination was made the true facts were not before it. This the respondent may not do. We lay down no broad rule that an administrative agency in a proper case may not upon reconsideration correct its own errors (*People ex rel. Finnegan* v. *McBride,* 226 N. Y. 252, 258). Moreover, where, as in this proceeding, a licensee has expended large sums of money and become bound by a contractual obligation extending for a period of years the Authority should not, in the absence of justifying circumstances, be permitted to alter its determination. Concur—Rabin, J. P., Valente, McNally, Stevens and Bastow, JJ.