12 N.Y.2d 935 (1963)
In the Matter of Edward Tirdell et al., Doing Business as York Wines & Liquors, Respondents,
v.
State Liquor Authority, Appellant.
Court of Appeals of the State of New York.
Argued January 9, 1963.
Decided January 23, 1963.
Emanuel D. Black and Hyman Amsel for appellant.
Thomas P. Dooney and Charles L. Hannelly for respondents.
Concur: Chief Judge DESMOND and Judges FULD, VAN VOORHIS, BURKE, FOSTER and SCILEPPI. Judge DYE dissents in the following opinion:
Order affirmed, without costs (cf. McDougal v. Malaghan, 184 N.Y. 253).
DYE, J. (dissenting).
I dissent and vote to reverse. In an article 78 proceeding to review a determination of the State Liquor Authority, approving the petitioners' application for removal of their licensed premises, the Special Term remitted the matter to the Authority for further consideration.
At the hearing held on such remand additional testimony was received in reference to the usability of two doorways of a school *937 building which was located within 200 feet of the leased premises, one of which was 184.3 feet and the other 190.2 feet from the licensed premises. Following the rehearing at which time evidence was adduced by the objectants and by the petitioners who were represented by counsel, the board rescinded its prior determination granting the removal application and directed the petitioners to discontinue their operation of the licensed premises. In disapproving the application, the board found that the premises sought to be licensed are located within 200 feet of a building occupied as a school, to wit, the "United Nations International School". The board noted that at the time the application for removal was granted on January 4, 1961 (i.e., the initial application)  "the true facts with respect to the doors in question in the United Nations International School were not before the Members of the Authority". The record supports this comment. Under these circumstances the denial of petitioners' application was mandatory under the provisions of subdivision 3 of section 105 of the Alcoholic Beverage Control Law. That section, insofar as pertinent, prohibits the granting of a license to sell liquors or wines for off-premise consumption for any premises "which shall be located on the same street * * * and within two hundred feet of a building occupied exclusively as a school * * * the measurements to be taken in a straight line from the center of the nearest entrance to the building used for such school * * * to the center of the nearest entrance of the premises to be licensed".
The physical facts of the existence of doorways within the prohibited distance cannot be disputed. To be sure, the school pupils customarily entered the school building through the central doorway, located about 205 feet from the licensed premises, but as opposed to this there is uncontroverted testimony that the doors in question are both equipped with panic bolts, are in good repair and can be used at any time as an exit from the school.
When the Legislature used the phrase "nearest entrance" as the operative condition for denial of a license, it may not reasonably be said that it intended to exclude exit doorways in a protected building such as a school. The danger to minors from exposure to the temptations of the liquor traffic and the policy of the Legislature to reduce it to a minimum are too well known to assume that the Legislature contemplated that a distinction should be drawn between an entrance used for "going in" and *938 another for "going out". The mere statement of such a premise discloses its absurdity. "It is fundamental" as has been said on another occasion "that regulations by way of exceptions in respect to churches and schools must be liberally construed in their favor, and strictly against applicants for licenses to sell liquor, wine and beer, within prescribed distances." (Matter of Calvary Presbyt. Church v. State Liq. Auth., 245 App. Div. 176, 178-179, affd. 270 N.Y. 497; cf. Matter of Gorman's Restaurant v. O'Connell, 275 App. Div. 166, affd. 299 N.Y. 733.)
The danger sought to be avoided, it seems to me, is many times greater during the children's homeward trek after school hours when liquor stores are usually open for traffic than when the children are on their way to school at a time when liquor stores are usually closed.
To read the term "nearest entrance" to a school building as used in the statute, as a basis for mandatory denial of a liquor license, only when the door is used by children "going in" and not when used for "coming out" is indeed a strange test for an opening which, by its very nature and structure, is nominally regarded as a doorway.
The court below, and now this court is about to agree, has disapproved and annulled the determination of the Authority and directed that the license issue on the principle of administrative finality. Ordinarily, such doctrine is applied only in those cases where the determination results from the exercise of administrative discretion; where, however, the exercise of administrative discretion has been eliminated by the establishment of physical facts bringing the application within the purview of a mandatory statute, there is no longer any basis to accord administrative finality, for then it is the statute that controls the disposition.
The Authority had no choice in the matter. Upon learning the true facts with respect to the doors, it was no longer free to exercise any discretion in the premises.
The order appealed from should be reversed, the order of Special Term affirmed, and the Authority's determination reinstated, with costs.
Order affirmed.