■ In the Matter of MARY C. HUBER-PADILLA, Respondent, v CRIME VICTIMS BOARD OF THE STATE OF NEW YORK, Appellant. —Judgment of the Supreme Court, New York County (Edith Miller, J.), entered August 5, 1988, granting an application by petitioner, Mary C. Huber-Padilla, for an order annulling respondent Crime Victims Board's (Board) second amended decision of November 28, 1986 and restoring respondent's decision of November 26, 1985, is unanimously modified on the law and facts and in the exercise of discretion to the extent of reversing that portion of the judgment as directed the respondent Board to make future monthly payments to petitioner, and otherwise affirmed, without costs.

In May of 1980 petitioner's husband, a shopkeeper, was killed during a robbery. On June 26, 1980, petitioner filed a claim with respondent Board for loss of her husband's earnings. (Executive Law §§ 624, 625.) By decision dated November 26, 1985, the Board awarded petitioner a lump sum of $16,642.14 with additional monthly payments of $111.79, total payments not to exceed $30,000. (Executive Law § 631 [2].)

Following the discovery of an error in its evaluation of petitioner's application, the Board, by decision dated November 28, 1986, halted monthly payments to petitioner and directed reimbursement of $17,983.62, representing all moneys which had been paid to her. This determination was confirmed by the Board following a hearing.

"It is settled law that the principles of *res judicata* and collateral estoppel are applicable to the determinations of quasi-judicial administrative agencies and that such determinations, when final, become conclusive and binding on the courts." *(Bernstein v Birch Wathen School,* 71 AD2d 129, 132 [1st Dept 1979], *affd* 51 NY2d 932 [1980].) As the Court of Appeals noted in *Matter of Evans v Monaghan* (306 NY 312, 323 [1954]), "[s]ecurity of person and property requires that determinations in the field of administrative law should be given as much finality as is reasonably possible."

The November 26, 1985 decision by a member of respondent Board became final 30 days after notification of petitioner. Executive Law § 628 provides that the claimant or any Board member may, within 30 days after the filing or receipt of a report, apply to the Chairman of the Board for reconsideration of a decision. Had that determination been adverse to petitioner, she would have had four months thereafter to challenge that final determination in a judicial proceeding. (Executive Law § 629; CPLR 217; *Matter of Edmead v McGuire,* 67 NY2d 714, 716 [1986].)

Thus, while Executive Law § 623 (5) and regulations of the Board (9 NYCRR 525.13 [e]) give the Board power to reopen and to reinvestigate its cases as it "deems necessary", this discretion is not unlimited. *(See, Matter of Tirdell v State Liq. Auth.,* 15 AD2d 773 [1st Dept 1962], *affd* 12 NY2d 935 [1963].)

Section 623 (5) and section 628 must be read in pari materia. Under section 623 (5), the Board has the authority to terminate a claimant's monthly loss-of-support benefits when it determines that the claimant was not in fact eligible for those benefits under the statute. Thus, the Board's right to correct errors is consistent with its legislative mandate to

make awards only to those eligible claimants who have sustained actual losses. *(see,* Executive Law § 631 [2].) Any other interpretation would prejudice the right of truly eligible crime victims to recover for their losses.

On this appeal, the Board does not seek reimbursement of moneys previously paid to petitioner, only prospective payments. Concur—Sullivan, J. P., Carro, Milonas, Wallach and Smith, JJ.