■ In the Matter of URSULA MEYER, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and VESEY REALTY Co. et al., Appellants. [596 NYS2d 358] —Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered January 4, 1992, which granted petitioner's application pursuant to CPLR article 78 to annul and vacate an Administrative Review Order of respondent New York State Division of Housing and Community Renewal ("DHCR"), which recalculated overcharges due petitioner by appellants, recalculated petitioner's stabilized rent, and directed petitioner to repay arrears due as a result of the recalculation, unanimously modified, on the law, to deny the petition except insofar as it addressed the time period in which petitioner was required to repay arrears pursuant to the Administrative Review Order, that period increased to 48 months, and to reinstate the Administrative Review Order, as modified, without costs.

Appellants are the owners of a building located at 60 West 10th Street in Manhattan in which petitioner-respondent has been a tenant since 1968. On August 28, 1968, the apartment was exempted from rent control because the tenant was using it for both residential and commercial purposes. In 1983, after landlords attempted to raise tenant's rent and to evict tenant for nonpayment, the apartment was declared subject to rent stabilization under the Emergency Tenant Protection Act of 1974 ("ETPA") and landlords were ordered to offer tenant a renewal lease. Tenant then filed a rent overcharge complaint with respondent DHCR, alleging overcharges since 1970. A determination of the District Rent Administrator ("DRA"), dated October 8, 1986, directed repayment to tenant of overcharges from August 1, 1970 to July 31, 1986 totalling $16,012.75.

Landlords promptly filed a Petition for Administrative Review ("PAR"), arguing that the District Rent Administrator

had erred in setting the base date for the computation of overcharges at August 1, 1970. Landlords argued that the base date could not be set at more than four years prior to the filing of the overcharge complaint in 1984 under the New York City Rent Stabilization Law's four year statute of limitations (Administrative Code of City of NY § 26-516). Landlords also refunded over $10,000, representing overcharges, as then computed, dating from April 1980 to July 31, 1986.

Five years later, DHCR finally acted on landlords' PAR. The Commissioner agreed with tenant that the four year statute of limitations was not applicable because the complaint was filed prior to April 1, 1984, the effective date of section 26-516. The Commissioner, however, found that the base date for calculating overcharges should not have been set by the District Rent Administrator at August 1, 1970. The rationale for this aspect of the Commissioner's decision was that, since the apartment had become subject to regulation pursuant to the ETPA, the base date for its regulated rent could not be set prior to the date on which that statute became effective, i.e., May 29, 1974. It therefore set that date as the base date for computation. This change in the base date resulted in a substantial change in the total of overcharges through 1986, which was recalculated at $8,140.97. As a result of the change in the base date, the Commissioner also found that prospective rent set by the DRA in 1986 was too low, which meant that all of the rent payments made by petitioner during the five year period DHCR had delayed in deciding landlords' PAR were also too low. It therefore ordered tenant to repay this amount, along with the excess in overcharges which actually had been refunded to her, over a 12 month period.

Tenant then commenced the within proceeding pursuant to article 78, arguing that the Commissioner's determination was arbitrary and capricious. The IAS Court granted the petition, nullified the 1991 order and restored the 1986 order, finding that the Commissioner had ignored and violated DHCR's own regulations by determining an issue which had not been presented and had violated petitioner's right to due process by failing to give her notice and an opportunity to be heard on the issue of when the apartment was first subject to rent regulations. Landlords appeal that order, which we now reverse.

On a petition brought pursuant to article 78, the court should not interfere with an administrative decision unless it is arbitrary, capricious or irrational (*Matter of Mid-State Mgt.*

*Corp. v New York City Conciliation & Appeals Bd.,* 112 AD2d 72, *affd* 66 NY2d 1032). In this case, the IAS Court found that the Commissioner was arbitrary and capricious in extending its scope of review to the within issue, i.e., the effect of the commencement of the stabilization of the apartment on the base date.

Under 9 NYCRR 2529.6, the scope of review of a Petition for Administrative Review of the decision of a District Rent Administrator is "limited to facts or evidence before a rent administrator as raised in the petition." Nothing in this limitation can be said to have rendered it in any way inappropriate for the Commissioner to have considered the ramifications of the commencement of the regulation of the apartment on the computation of the correct base date. Indeed, the very issue before the Commissioner, as raised in the instant petition, was the correct computation of overcharges. Under such circumstance, the Commissioner was not limited to the relief proposed by either of the parties and was fully entitled to rectify the error and substitute the correct computation as based on the correct date for the commencement of stabilization. We note that, in doing so, the Commissioner relied completely on the record before it, as it had been presented to the District Rent Administrator. In view of the fact that tenant had a full opportunity to be heard on both the original proceeding and on the PAR, we find no violation of her right to due process. Finally, there is no indication that tenant relied, to her detriment, on the earlier determination *(cf., Matter of Tirdell v State Liq. Auth.,* 15 AD2d 773, *affd* 12 NY2d 935). Under such circumstance, the five year delay between the first and second determinations cannot be said to have divested the DHCR of its power to review landlords' petition contesting the decision of the District Rent Administrator.

We find no merit in tenant's alternative argument that DHCR was without the power to order tenant to refund the amounts which it found landlords had improperly been ordered to pay as an overcharge or which it found tenant had been underpaying for the prior five years. However, in light of the untenable five year delay by DHCR in deciding the administrative appeal, during which time tenant was, through no fault of her own, underpaying her rent, we find that, to require her to repay the entire amount as a rental increase over the course of a 12 month period is so grossly inequitable as to render this aspect of the decision arbitrary and capricious. Thus, we find that the repayment period should be

increased to 48 months. Concur—Carro, J. P., Milonas, Ellerin, Kupferman and Rubin, JJ.