(April 22, 2004)

■ In the Matter of Cabrini Realty, L.L.C., Appellant, v New York State Division of Housing and Community Renewal, Respondent. [775 NYS2d 292]—

Judgment, Supreme Court, New York County (Edward H. Lehner, J.), entered on or about May 3, 2002, which denied and dismissed petitioner's CPLR article 78 petition to annul the determination of the Division of Housing and Community Renewal (DHCR) that it was liable for a rent overcharge of $4,720.63, unanimously reversed, on the law, without costs, the petition granted, the determination annulled and the matter remanded for recalculation of the initial base rent pursuant to amended Rent Stabilization Code (RSC; 9 NYCRR) §§ 2526.1 and 2522.6.

Faced with contradictory representations as to the occupancy of the apartment in the five years preceding the tenancy of the complaining tenant and an absence of any documentary evidence of the rental history of the apartment, DHCR's decision to employ what it called a "default" method for calculating lawful rent was not irrational. However, its choice of formula is not supported by a rational basis in the record.

The Rent Stabilization Code, as amended in December 2000, provides that "[w]here the rent charged on the base date cannot be established, the rent shall be determined by the DHCR in accordance with section 2522.6 of this Title" (RSC § 2526.1 [a] [3] [ii]). Section 2522.6 provides that in circumstances such as obtain in the instant case the DHCR shall establish the legal rent based on either: (1) documented rents for comparable housing accommodations submitted by the owner, subject to rebuttal by the tenant; or (2) if that documentation is not available or is inappropriate, data compiled by the DHCR for regulated housing accommodations; or (3) if the information described in both of the preceding alternatives is not available, the complaining tenant's rent reduced by the most recent guidelines adjustment.

Instead of fixing the rent in accordance with these provisions of the RSC, DHCR employed a default method derived from a 1994 internal Processing Directive that called for averaging (1) the lowest stabilized rent in the building for an apartment with the same number of registered rooms, (2) the complaining tenant's initial rent, minus the guidelines and vacancy allowance, and (3) the prior tenant's rent, if known.

DHCR argued on the petition, as it does on appeal, that its decision to employ its default procedure is authorized by the hardship or prejudice exception contained in RSC § 2527.7, which provides that the Code applies to any proceeding commenced on or after April 1, 1984 and pending before DHCR, "or where a provision of this Code is amended, or an applicable

statute is enacted or amended during the pendency of a proceeding, the determination shall be made in accordance with the changed provision." Supreme Court found that the agency appropriately applied the equities in accordance with this provision and employed its default formula to the evidence already submitted, rather than having the parties "proceed anew" through the procedure provided by RSC § 2522.6. The court found that DHCR rationally concluded, based on the lengthy history of this proceeding, that it would be inequitable to protract the proceeding further by applying the new rules.

However, neither the DHCR nor the court actually found that the tenant would suffer prejudice or hardship from the application of the pertinent Code provisions. Indeed, the Deputy Commissioner nowhere stated in his order and opinion that he was employing the default method because calculating the rent under the applicable Code provisions would cause such hardship or prejudice. The court, while it acknowledged that normally these Code provisions should be applied to any proceeding pending before DHCR, merely observed that application of the new procedure "could very well result" in further proceedings challenging the ensuing rent determination. In the absence of any demonstration in the record that the application of sections 2526.1 and 2522.6 would cause prejudice or hardship to the tenant, DHCR's decision to employ its own default method was not authorized by section 2527.7 and cannot be found to be supported by a rational basis in the record. Thus, the court erred in confirming the determination and denying and dismissing the CPLR article 78 petition. Concur—Buckley, P.J., Saxe, Ellerin, Marlow and Gonzalez, JJ.