OPINION OF THE COURT
Edward H. Lehner, J.
*230 The sole issue raised in this CPLR article 78 proceeding is whether the respondent New York State Division of Housing and Community Renewal (DHCR) has the authority to waive any rent arrears owing as a result of its determination in a fair market rent appeal (FMRA) that the rental provided in the lease between the parties was in fact a fair market rent and thus the legal rent.
In 1990 the tenant intervenor Dru Arstark (the tenant) filed a FMRA claiming that the rental of $830 per month provided in her lease exceeded the fair market rent. Initially the rent administrator (RA), by order dated January 6, 1995, determined that said agreed upon rental was in excess of the fair market rent and reduced the rental to $556.82. In its decision on the petition for administrative review (PAR), dated January 20, 2000, DHCR modified the order of the RA and fixed the fair market rent at $798.07 per month. However, by order of Justice Figueroa of this court, dated July 7, 2000, the matter (at the request of DHCR) was remitted for further consideration.
In the PAR order challenged herein, dated May 25, 2004, DHCR noted that section 2522.3 of the Rent Stabilization Code (9 NYCRR [RSC]), relating to FMRAs, was amended in December 2000 and, applying the new provisions, it set the fair market rent at $1,078.30. Since the challenged lease rental of $830 was less, the tenant’s FMRA was dismissed. There is no challenge herein to that determination (transcript at 5). Rather, the appeal by the petitioners is to that portion of the PAR decision wherein DHCR ruled that “[u]ndue hardship would result if the tenant now had to pay back arrears for over a ten-year period (and directed) that the payment of the rents established by the Rent Administrator’s order shall be deemed full payment of the legal rent” accruing prior to the date of the issuance of the PAR order. The effect of such direction is to forgive approximately $19,000 of arrears (transcript at 7).
At oral argument DHCR’s counsel stated that she was not aware of any prior matter in which arrears found to be owing as a consequence of an agency decision fixing a legal rent were directed to be forgiven, nor of any provision of law specifically giving it that power, relying in support of the ruling solely on general equitable principles, but without any consideration of the financial condition of any of the affected parties (transcript at 15-19, 23). The tenant has cross-moved to remand the proceeding so that she can demonstrate financial hardship with respect to any award of arrears.
*231 Sections 2522.7 and 2520.3 of the RSC, upon which DHCR principally relies, provide:
“§ 2522.7 . . .
“In issuing any order adjusting or establishing any legal regulated rent . . . the DHCR shall take into consideration all factors bearing upon the equities involved, subject to the general limitation that such adjustment, establishment or determination can be put into effect with due regard for protecting tenants and the public interest against unreasonably high rent increases inconsistent with the purposes of the RSL, for preventing imposition upon the industry of any industry-wide schedule of rents or minimum rents, and for preserving the regulated rental housing stock.”
“§ 2520.3 . . .
“This Code shall be construed so as to carry out the intent of the Rent Stabilization Law to ensure that such statute shall not be subverted or rendered ineffective, directly or indirectly, and to prevent the exaction of unjust, unreasonable and oppressive rents and rental agreements, and to forestall profiteering, speculation and other disruptive practices tending to produce threats to the public health, safety and general welfare; and that the policy herein expressed shall be implemented with due regard for the preservation of regulated rental housing.”
Also relevant to this proceeding is section 2527.7, which provides:
“Except as otherwise provided herein, unless undue hardship or prejudice results therefrom, this Code shall apply to any proceeding pending before the DHCR, which proceeding commenced on or after April 1, 1984, or where a provision of this Code is amended, or an applicable statute is enacted or amended during the pendency of a proceeding, the determination shall be made in accordance with the changed provision.”
The RSC amendments in December 2000 to section 2522.3 enabled owners to more readily prove comparable rents in FRMAs. While under section 2527.7 DHCR could have declined to apply the amendments to the proceeding (which had been pending before the agency since 1990) by finding that such applica *232 tion would result in “undue hardship or prejudice,” it declined to do so. (See, Matter of Cabrini Realty, L.L.C. v New York State Div. of Hous. & Community Renewal, 6 AD3d 280 [1st Dept 2004].) Instead, it proceeded to determine the fair market rent by applying the new provisions, which resulted in dismissal of the FMRA, but with a prohibition against the petitioner collecting the resulting arrears. There is nothing in the record indicating that the lengthy delay in processing this matter was in any way the fault of petitioners.
DHCR acknowledges that there are no specific regulations or guidelines in effect at the agency to enable it to determine in which cases past due rent may be waived. Its reliance on RSC § 2522.7 is misplaced as the consideration of the equities authorized therein relates to the issuance of an “order adjusting or establishing any legal regulated rent.” Whatever discretion is provided therein thus only authorizes the consideration of equitable principles in fixing the amount of a legal rent.
Here DHCR fixed the legal rent as that agreed to between the owner and the tenant, which rent is unchallenged herein. However, in prohibiting petitioner from collecting the arrears owing as a consequence of the legal rent thus established, it acted in an arbitrary and capricious manner as the forgiveness of legal obligations owing as a result of its decisions is not within the power granted to it by the Legislature. This is in contrast to the discretion vested in the agency as to whether to award treble damages or attorneys’ fees and a whole variety of issues dealing with required services. (See, Matter of Waverly Assoc. v New York State Div. of Hous. & Community Renewal, 12 AD3d 272 [1st Dept 2004].) The agency also possesses the discretion to direct the payment of arrears found owing over a period of time. See Matter of Meyer v New York State Div. of Hous. & Community Renewal (192 AD2d 375, 377 [1st Dept 1993]), where the court held that a direction by DHCR for a repayment over a 12-month period was “grossly inequitable as to render this aspect of the decision arbitrary and capricious,” and directed that the repayment period be increased to 48 months. It is noted that, in the affirmation of DHCR’s counsel, it is stated that “parties are expected to escrow the amount in dispute” (1114).
In summary, the motion of petitioners is granted solely to the extent of annulling the direction of DHCR to forgive the arrears owing as a consequence of the dismissal of the FMRA. Since the amount of the arrears is not set forth in the challenged order (see transcript at 7-10), this matter is remanded to DHCR for *233 the sole purpose of determining the amount of arrears and setting a period for its repayment. A decision thereon shall be rendered within 60 days of the date hereof. The cross motion of the tenant is denied as moot.